# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GARNET SALYER as parent and natural
legal guardian of LINDA SALYER,

    Plaintiff,

v.                                       Case No. 8:08-cv-760-T-30TBM

WALGREEN COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 13), Plaintiff's Response to the same and construed motion to appoint guardian ad litem (Dkt. 19), and Defendant's Response to Plaintiff's construed motion (Dkt. 21). Plaintiff Garnet Salyer filed her Complaint as parent and natural legal guardian of Linda Salyer. In the Complaint, Garnet Salyer claims her daughter was injured when she slipped and fell on debris located on the floor of Defendant's store.

Defendant moved for summary judgment, arguing Garnet Salyer was not a proper party to bring this action and lacked a legal or factual basis for her claims. Defendant argued Linda Salyer is a sixty-one year old adult who has no legal guardian. In response, Plaintiff argued Linda Salyer incurred a head injury in early childhood resulting in an emotional/mental disability. Plaintiff has filed a psychological report from Dr. Henry A. Tenenbaum, Ph.D., who opines Linda Salyer suffers from mild mental retardation. According to Plaintiff, Linda Salyer has never lived independently and has lived her entire life under the guidance of her mother.

In an Order dated March 13, 2009 (Dkt. 20), this Court construed Plaintiff's Response (Dkt. 19) as a motion to appoint Garnet Salyer as *guardian ad litem* to represent the interests of Linda Salyer in this action. Defendant has no objection to the construed motion (Dkt. 21).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's construed motion to appoint guardian ad litem (Dkt. 20) is **GRANTED**.

2. The Court appoints Garnet Salyer as *guardian ad litem* for her daughter Linda Salyer. As *guardian ad litem*, Garnet Salyer is authorized to act on behalf of Linda Salyer, make all appropriate decisions in the course of this litigation, enter into binding contracts for the retention of counsel and expert witnesses, and settle this action on behalf of Linda Salyer.[1]

3. Defendant's Motion for Summary Judgment (Dkt. 13) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-760.guardian and msj.frm

---

[1] The Court notes that Fed.R.Civ.P. 17(c), which permits a minor or incompetent person who does not have a duly appointed representative to sue by next friend or guardian ad litem, does not confer any right on such representative to serve as legal counsel. See Devine v. Indian River County School Board, 121 F.3d 576, 581 (11th Cir. 1997). Garnet Salyer may continue to retain Peggy G. Shurfranz as counsel, but she may not represent her daughter *pro se* in this action.